IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETERSON MANUEL,** | : CIVIL ACTION NO. 1:15-CV-274 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| **NRA GROUP, LLC,** | : |
| Defendant | : |

## **ORDER**

AND NOW, this 22nd day of November, 2016, upon consideration of the motion (Doc. 62) to stay filed by defendant NRA Group, LLC ("NRA"), wherein NRA seeks to stay proceedings *sub judice* pending the United States Court of Appeals for the District of Columbia Circuit's decision in Ass'n of Credit and Collection Professionals International v. FCC, No. 15-1211 (D.C. Cir. filed Feb. 24, 2016), contending that the D.C. Circuit's decision may materially alter the FCC's recent omnibus ruling with respect to the definition of the term "autodialing device" in the Telephone Consumer Protection Act, (Doc. 63 at 4-8), which could affect this court's prior holding that NRA's Dialer is an autodialing device, (id. at 8), and this court recognizing that "[i]nherent in the district court's power to control the disposition of civil matters appearing on its docket is the power to stay proceedings when judicial economy or other interests so require," Barker v. Kane, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)), but that a "stay is an extraordinary measure" within a district court's discretion, id. (citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 524,

526 (D.N.J. 1998)), and that courts must weigh several factors in determining whether to grant a party's motion for a stay, to wit: "(1) whether a stay would unduly prejudice . . . a non-moving party; (2) whether denying the stay would create a clear case of hardship[]; (3) whether a stay would simplify the issues[]; and (4) whether discovery is complete and/or a trial date has been set," Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (citations and internal quotation marks omitted), and, observing that the "party requesting a stay bears the burden of showing that the circumstances justify" the issuance of a stay, Nken v. Holder, 556 U.S. 418, 433-34 (2009) (citations omitted), the court finding that the greater balance of these factors weighs against imposition of a stay at this late juncture, especially considering that the ruling in Ass'n of Credit and Collection Professionals International v. FCC is unlikely to disturb our previous factual findings regarding NRA's Dialer, it is hereby ORDERED that NRA's motion (Doc. 62) to stay the proceedings is DENIED.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania