IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETERSON MANUEL,** | : | CIVIL ACTION NO. 1:15-CV-274 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **NRA GROUP, LLC,** | : | |
| | : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 22nd day of November, 2016, upon consideration of the motion (Doc. 64) to dismiss filed by defendant NRA Group, LLC ("NRA"), wherein NRA asserts the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), FED. R. CIV. P. 12(b)(1), because plaintiff Peterson Manuel ("Manuel") does not have Article III standing following the Supreme Court of the United States' decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-48 (2016), (Doc. 65 at 10-13), and the court observing that constitutional standing requirements derive from the grant of jurisdiction in the United States Constitution to federal courts over "actual cases and controversies," U.S. CONST. art. III; Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992), and the court noting that when a plaintiff asserts claims for violation of a federal statute, he must satisfy both statutory[1] and constitutional standing requirements, see AT&T Commc'ns of N.J., Inc. v. Verizon, N.J., Inc., 270 F.3d 162, 170 (3d Cir.2001) (citing U.S. CONST. art. III; Lujan, 504 U.S. at 560-61), and it appearing that a plaintiff must at minimum show that he suffered

---

[1] Statutory standing is not contested *sub judice*, as it is clearly established by the Telephone Consumer Protection Act. 47 U.S.C. § 227(b)(3).

an injury-in-fact, to wit: "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," Lujan, 504 U.S. at 560 (citations and quotations omitted), and it further appearing that the Supreme Court ruled in Spokeo that a plaintiff does not automatically satisfy "the injury-in-fact requirement whenever a statute grants a person a statutory right . . . [because] Article III standing requires a concrete injury even in the context of a statutory violation," Spokeo, 136 S. Ct. at 1549, and the court finding that the emerging consensus in the Third Circuit Court of Appeals is that the Supreme Court's holding in Spokeo does not preclude a ruling that invasion of a plaintiff's privacy interests after receiving automated calls and the nuisance created thereby constitutes concrete and particularized injury-in-fact, see Leyse v. Bank of Am., No. 11-07128, 2016 WL 5928683, at *4-5 (D.N.J. Oct. 11, 2016); Stoops v. Wells Fargo Bank, N.A., No. 3:15-83, 2016 WL 3566266, at *9 (W.D. Pa. June 24, 2016), and the court concluding that Manuel established invasion of privacy and nuisance by demonstrating that NRA used an autodialing device to send him automated calls, as set forth in the court's memorandum opinion (Doc. 52) dated August 5, 2016, (id. at 4 n.2), it is hereby ORDERED that NRA's motion (Doc. 64) to dismiss is DENIED.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania